UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEENAN PARKER,

                Plaintiff,

  v.                                    **DECISION AND ORDER**
                                            11-CV-865

C.O. SHAWN McINTYRE,
C.O. JEFFREY BRYNIARSKI,
C.O. DONALD CARRIERO,
NURSE K. TARA, and STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS–ATTICA
CORRECTIONAL FACILITY,

                Defendants.

      1.      Keenan Parker, who is proceeding *pro se* and *in forma pauperis*, was at all relevant times an inmate in the custody of the New York Department of Corrections and Community Service ("DOCCS"). He brings this action under 42 U.S.C. § 1983, alleging that, on July 29, 2011, three corrections officers and a nurse employed at Attica Correctional Facility violated his constitutional rights. According to Parker, the corrections officers assaulted him for no reason and subjected him to excessive force, causing him to sustain injuries,[1] after which the nurse failed to document his injuries and denied him medical care. Parker's claim against the State of New York, Department of Corrections was dismissed on December 14, 2011. (Docket No. 5.)   The remaining Defendants now move for summary judgment. For the following reasons, the motion is granted.

      2.      Under Rule 56 of the Rules of Civil Procedure the court can grant summary

---

1 In particular, Plaintiff claims that C.O. McIntyre punched him in the face and head area and kicked out his diamond teeth, C.O. Carriero struck him five times with a baton in the leg and arm and broke his left pinky finger, and C.O. Bryniarski pushed him to the ground and kicked him in the head. (Docket No. 1 ¶ II.D. and p. 8.)

judgment "if the movant shows that there is no genuine dispute as to any material fact." A fact is "material" if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. In determining whether a genuine dispute regarding a material fact exists, the evidence and the inferences drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970) (internal quotations and citation omitted). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

3. Defendants do not presently contest the merits of Parker's allegations. Instead, they move for summary judgment on the ground that he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").

4. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies in cases covered by the PLRA is mandatory, even when the prisoner seeks relief not available through grievance proceedings, such as monetary damages. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002).

In Nussle, the Supreme Court reasoned that requiring prisoners to utilize the administrative grievance process would reduce the quantity of prisoner suits, filter out

frivolous claims, and clarify the legal issues in those cases that warrant federal court review. Id. at 524–25. In furtherance of these objectives, the Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532.

5. The PLRA further requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Ruggiero v. County of Orange, 467 F.3d 170, 175–76 (2d Cir. 2006) (quoting Woodford v. Ngo, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Thus, inmates "must complete the administrative review process in accordance with applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (internal citation and quotation omitted).

6. The New York State Department of Corrections and Community Service employs a three-step Inmate Grievance Program that requires an inmate to: (1) file a grievance with the Inmate Grievance Resolution Committee ("IGRC") within 21 days of the alleged violation; (2) appeal the IRGC's written decision to the facility's superintendent within seven days after receipt; and (3) appeal the superintendent's decision to the Central Office Review Committee ("CORC") in Albany, New York within seven days after receipt. See 7 N.Y.C.R.R. § 701.5.

7. Defendants argue that Parker did not even complete step one of the grievance process concerning the alleged wrongdoing on July 29, 2011, much less the two available levels of appeal. Defendants have submitted affidavits and evidence: (1) regarding the available grievance processes at Attica Correctional Facility, where Parker resided throughout the 21-day filing period; (2) that there are no records of any grievance by Parker relating to the alleged July 29, 2011 assault in the grievance logs at Attica or at Southport, the facility to which Plaintiff was later transferred; and (3) that CORC has no record in its database of Parker having appealed any grievance related to an assault on July 29, 2011. Thus, Defendants maintain, they are entitled to summary judgment based on Parker's failure to exhaust his administrative remedies.

8. Parker does not address the exhaustion issue in his opposing papers, but instead seeks to convince this Court of the merits of his case. Notwithstanding his failure to argue this issue, Parker alleges in his Complaint, and testified at his deposition, that he submitted grievances at Attica concerning his allegations, but received no response. (Docket Nos. 1 ¶ E; 29 ¶ 4.) When asked to produce the grievances, Parker provided a document dated August 7, 2011 regarding the July 29, 2011 incident, and a second document, dated September 7, 2011, inquiring about the status of his grievance. (Docket No. 29-2 at 3-4.) Neither "grievance" was submitted on DOCCS' official grievance form that is distributed at the facility; each was written on plain, lined paper and included no identifying title or subject line.

9. Putting aside Parker's failure to use the proper grievance form and assuming, for purposes of this motion, that Parker timely prepared and submitted a grievance at Attica, that accomplishes step one only. The fact that Parker claims he

4

received no response to his grievance does not excuse his otherwise unexplained failure to exhaust administrative remedies. Courts repeatedly "have dismissed complaints … when an inmate confronted with facility inaction fails to proactively grieve a claim to completion." Chambliss v. Rosini, No. 09 CIV. 7221 PKC, 2010 WL 1838868, at *4 (S.D.N.Y. May 4, 2010) (citing Martinez v. Williams, 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002), Waters v. Schneider, 2002 WL 727025, at *2 (S.D.N.Y. Apr. 23, 2002), & Veloz v. New York, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004)). As the Martinez court found, "Plaintiff's argument that he is excused because defendants failed to act with respect to the grievance is unpersuasive. Plaintiff could have and should have appealed the grievance in accordance with grievance procedures." 186 F. Supp. 2d at 357; see also Atkins v. Menard, No. 9:11–CV–0366 (GTS/DEP), 2012 WL 4026840, at *4 (N.D.N.Y. Sept.12, 2012) (finding that plaintiff failed to exhaust where he had the "ability, and indeed the duty, to appeal the IGRC's nonresponse (to his grievance) to the next level, including CORC, to complete the grievance process."); Murray v. Palmer, No. 03–CV–1010, (DNH/GLS), 2008 WL 2522324, at *16, *18 (N.D.N.Y. June 20, 2008) (to exhaust available administrative remedies, plaintiff had to file an appeal with the superintendent from the IGRC's nonresponse, which included a failure to acknowledge the receipt of a grievance and assign it a number); Midalgo v. Bass, No. 03–CV–1128 (NAM/RFT), 2006 WL 2795332, at *7 (N.D.N.Y. Sept. 26, 2006) (plaintiff required to seek an appeal to the superintendent, even though he never received a response to his grievance and was not assigned a grievance number).

10. In fact, DOCCS' regulations specifically contemplate such a situation. As the Murray court pointed out, "[i]t is important to emphasize that any failure by the IGRC or

the superintendent to timely respond to a grievance or first-level appeal, respectively, can be appealed to the next level, including CORC, to complete the grievance process." 2008 WL 2522324 at *15 (quoting 7 N.Y.C.R.R. § 701.6(g)(2)).

11. Although some courts have found that an ignored grievance may render remedies "unavailable," such cases have involved circumstances where a corrections officer proactively impeded an inmate's attempt to file a grievance, or where the inmate's repeated efforts to submit a grievance were rebuffed. See, e.g., Thomas v. New York State Dep't of Corr. Servs., No. 00 CIV. 7163 (NRB), 2002 WL 31164546, at *1 (S.D.N.Y. Sept. 30, 2002) (corrections officer told inmate not to file a grievance). Here, there is no allegation that any named Defendant, by his or her own actions, inhibited Parker's attempt at exhaustion. In fact, Parker conceded there were no threats or coercion.

12. Finally, Parker does not allege or argue that special circumstances exist that would excuse his failure to exhaust. Accordingly, Defendants' motion is granted in full.

IT HEREBY IS ORDERED, that Defendants' motion for summary judgment (Docket No. 28) is GRANTED.

FURTHER, that the Clerk of Court shall close this case.


SO ORDERED.

Dated: October 27, 2014
       Buffalo, New York

                                             /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                   Chief Judge
                                       United States District Court